# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HIGH PLAINS LIVESTOCK, LLC, *et al.*,

     Plaintiffs,

v.                                                          Civ. No. 17-349 MV/GBW

BARRY ALLEN, *et al.*,

     Defendants.

## <u>ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT</u>

This matter comes before the undersigned pursuant to the Court's Order of Reference (*doc. 35*), referring Plaintiffs' Motion for Leave to File Second Amended Complaint (*doc. 22*) for determination by the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Defendants oppose Plaintiffs' Motion for Leave to File Second Amended Complaint on grounds of futility, arguing that the proposed amendments therein do not cure the pleading defects alleged in Defendants' Motion to Dismiss (*doc. 15*). *See generally doc. 26. See also Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (citations omitted).

While Defendants' opposition to Plaintiffs' Motion on futility grounds overlaps with their arguments in their Motion to Dismiss, Defendants' Motion to Dismiss has not been referred to the undersigned for recommendations. *See* 28 U.S.C. § 636(b)(1)(B). As such, the undersigned will not express any opinion about the merits of Defendants'

dispositive arguments and the following analysis of Plaintiffs' Motion for Leave will be necessarily limited in scope. *See id.* § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also doc. 35.* For the reasons that follow, Plaintiffs' Motion for Leave to File Second Amended Complaint will be GRANTED.

## I.    BACKGROUND

Plaintiffs brought the instant litigation in the Ninth Judicial District Court for the State of New Mexico on January 19, 2017. *Doc. 1-1.* Plaintiffs include the livestock auction business High Plains Livestock, LLC, its owner, Michael Flen, and two employees, Calvin and Darcie Pareo. Defendants include the New Mexico Livestock Board ("NMLB") as well as NMLB executive director, Ray Baca, and NMLB law enforcement agents Barry Allen and Shawn Davis. *Doc. 23-1 at 1-2.* According to the First Amended Complaint, Plaintiffs' claims stem from alleged tortious and unconstitutional conduct by Defendants dating back to 2009 which Plaintiffs contend substantially interfered with Plaintiffs' ability to conduct their business, including defamation, abuse of process, and violations of Plaintiffs' First, Fourth, Fifth, and Fourteenth Amendment rights. *See doc. 1-5 at 11-17.*[1]

Plaintiffs filed their First Amended Complaint in state court on February 6, 2017. *Doc. 1-5.* Although all claims in the First Amended Complaint were purportedly based on the New Mexico Tort Claims Act ("NMTCA"), Counts IV and V plainly implicated

---

[1] The proposed Second Amended Complaint deletes Plaintiffs' First and Fifth Amendment claims, but adds a Sixth Amendment claim. *See generally doc. 23-1.*

the United States Constitution, giving rise to federal-question jurisdiction. *See id.* at 14-17. Accordingly, Defendants removed the matter to this Court on March 17, 2017. *Doc. 1.* The Individual Defendants filed a Motion to Dismiss the federal claims contained in Plaintiffs' First Amended Complaint on May 25, 2017, on both 12(b)(6) grounds as well as on the basis of qualified immunity. *Doc. 15.* Plaintiffs then filed the instant Motion for Leave to File Second Amended Complaint on June 26, 2017. *Doc. 22.* The Motion for Leave was fully briefed on July 24, 2017, and was referred to the undersigned on January 26, 2018. *Docs. 26, 28, 29, 35.*

## II. STANDARD OF REVIEW

Plaintiffs are beyond the 21-day time period during which they may file an amended pleading as a matter of course. Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiffs must obtain either Defendants' consent or the Court's leave in order to amend. Fed. R. Civ. P. 15(a)(2). The Court should "freely give" such leave "when justice so requires." *Id.* The decision to grant leave to amend a complaint is within the Court's discretion. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Whether prejudice would result to the nonmoving party has been treated by the Tenth Circuit as the "most important[] factor in deciding a motion to amend the pleadings[.]" *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their response to the amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quotations and alteration omitted). Courts most often make such a finding "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter*, 451 F.3d at 1208. Thus, an amendment may be found to be prejudicial "if its timing prevents the defendant from pursuing a potentially promising line of defense[.]" *Id.* at 1209.

### III. ANALYSIS

As discussed in greater detail below, the salient differences between Plaintiffs' First Amended Complaint and the proposed Second Amended Complaint include: (1) substituting a claim that Defendants violated their Fifth and Fourteenth Amendment rights to due process by destroying exculpatory evidence with a Sixth Amendment claim based on the same allegations; (2) the deletion of allegations of tortious interference with contract; (3) the deletion of Plaintiffs' claim that Defendants violated their First Amendment right to free association; (4) the addition of an equal protection "class-of-one" claim; (5) the addition to Plaintiffs' existing Fourth Amendment claim

4

based on unreasonable search and seizure that Plaintiffs themselves were unreasonably seized during a search of High Plains operations on January 21, 2015; and (6) the addition of claims for punitive damages and attorney's fees. *See generally docs. 1-5, 23-1.* The undersigned finds that no prejudice to Defendants will result from allowing these amendments to the Complaint. Thus, treating prejudice as the most important applicable factor, and absent authority to opine on Defendants' dispositive arguments, the undersigned will grant Plaintiffs' Motion.

Broadly speaking, these proposed amendments do not significantly alter the First Amended Complaint, nor should they affect the Court's analysis of the Individual Defendants' qualified immunity defense as to Plaintiffs' Fourth or Fourteenth Amendment claims. Of course, the addition of the Sixth Amendment claim would require some additional qualified immunity briefing on that issue. Generally, however, the undersigned agrees with Individual Defendants that if the deficiencies they allege in their Motion to Dismiss do indeed warrant dismissal of the federal claims in the First Amended Complaint, allowing the proposed amendments would not change that result. *See doc. 26* at 1-2.

For example, in their Reply to Defendants' Response to the Motion for Leave to Amend, Plaintiffs fail to address Defendants' argument that a significant number of Plaintiffs' claims are time-barred. *See generally doc. 28.* Their only cursory acknowledgment of the statute-of-limitations defense relates to factual averments

contained in the Second Amended Complaint that certain criminal charges brought against them by Defendants in 2009 and 2012 were dismissed. *See doc. 23-1* at 4, 5. In their Reply, Plaintiffs argue that "[t]he citation and allegations of acquittal of the magistrate charges [from 2009 and 2012] are not 'stale,' have no bearing on alleged defense of applicable statutes of limitation, and again evidence the pattern and context of illegitimate law enforcement that proceeded without probable cause and constitute sufficient notice pleading." *Doc. 28* at 8.

There is no further mention in Plaintiffs' Reply of the statute-of-limitations defense, which Defendants argue should apply to bar other claims unrelated to the 2009 and 2012 charges, including those claims based on the following factual allegations: (1) NMLB's denial of Plaintiffs' request for two sales per week at their sales barn; (2) NMLB's policy that brand inspectors not stay at Plaintiffs' sales barn past 7:00 p.m.; (3) representations by Defendants Allen and Davis that Plaintiffs could not move to a new facility; (4) NMLB's directive to Animal Plant and Health Inspections Services not to approve Plaintiffs' move to a new facility; (5) the seizure of metal clips and back tags from Plaintiffs by Defendants' brand inspectors; (6) Defendants Allen and Davis's threats to two veterinarians not to service Plaintiffs' auction house; and (7) Defendants' instruction to the New Mexico DOT to engage in pretextual stops of Plaintiffs' livestock haulers. *See doc. 26* at 4-5; *doc. 28* at 5; *doc. 23-1* at 6-7. Thus, if the Court agrees that

those claims arising from these allegations are time-barred, they would remain subject to dismissal.

Before turning to the details of the proposed amendments, the undersigned notes one other broad consideration bearing on the prejudice analysis. Namely, Plaintiffs improperly rely on the allegations contained in their proposed Second Amended Complaint in their Response to Individual Defendants' Motion to Dismiss all of the federal claims contained in the First Amended Complaint, which is the operative complaint in this action. *See generally doc. 24*. While reliance on such allegations is misplaced in response to a motion regarding the First Amended Complaint, such reliance, coupled with Defendants' futility argument, together indicate that completing briefing on any future motion to dismiss the Second Amended Complaint would require very little additional time and effort from the parties.

Turning now to the details, the undersigned will review each of the federal claims contained in the proposed Second Amended Complaint in turn, and outline how the applicable arguments already lodged in Defendants' Motion to Dismiss (*doc. 15*) and Response in opposition to the instant Motion (*doc. 26*) would impact those claims.[2] This review further persuades the undersigned that granting Plaintiffs leave to file the Second Amended Complaint will not prejudice Defendants.

---

[2] Plaintiffs also assert state-law tort claims pursuant to the NMTCA in both the First and Second Amended Complaints, but these claims are not presently the subject of any dispositive motion. *See docs. 1-5* at 11-14, *23-1* at 11-15.

First, Plaintiffs allege that Defendants violated their Fourth Amendment rights against unreasonable search and seizure. *Doc. 23-1* at 16-17. These claims arise from (1) a raid of Plaintiffs' business executed pursuant to a search warrant on January 21, 2015, which resulted in the filing of criminal charges against Plaintiffs, and (2) an earlier (undated) incident when brand inspectors employed by Defendant NMLB seized Plaintiffs' metal clips and back tags used to tag cattle. *Id.* at 7-8, 16-17. Plaintiffs assert that the warrant was invalid because it was obtained by the use of false affidavits and not supported by probable cause, and that the seizure of certain personal documents during the raid was unreasonable because that property was not particularly described in the warrant. *Id.* They further assert that the warrantless seizure of the clips and tags was not supported by probable cause or justified by any exception to the warrant requirement. *Id.* at 16-17.

Additionally, Plaintiffs assert that their Fourteenth Amendment right to due process was implicated by the seizure of certain property during the raid, and that both their Sixth and Fourteenth Amendment rights were violated by Defendants' subsequent destruction of tape recordings of the testimony of various High Plains customers, which Plaintiffs contend was exculpatory of the criminal charges filed against them. *Id.* at 17-18. No Sixth Amendment claims were explicitly brought in the First Amended Complaint, although Plaintiffs did assert in the fact section that the destruction of the tape recordings constituted a "deprivation of [] Plaintiffs['] right to confront their

accusers, and a denial of the right to due process." *Doc. 1-5* at 7.  Further, the Sixth

Amendment is premised on the same factual averments underlying the Fifth

Amendment due process claim in the First Amended Complaint—*i.e.*, the alleged

destruction of exculpatory evidence by Defendants Allen and Davis.  *See doc. 23-1* at 17;

*doc. 1-5* at 11.  Essentially, Plaintiffs seek to recharacterize the same claim as a Sixth

Amendment violation, rather than a Fifth Amendment violation.

In the Motion to Dismiss, Individual Defendants attacked similar claims in Count

5 of the First Amended Complaint on grounds that (1) Plaintiffs failed to assert that

probable cause would not have existed to secure the warrant but for the allegedly

invalid affidavits; (2) Plaintiffs did not allege that any of the Individual Defendants

personally seized any items outside the scope of the warrant; (3) the appropriate

remedy for seizure of items not subject to a search warrant is suppression of those items

at trial; (4) the Fourth Amendment is not implicated by the seizure of items not

particularly described in a warrant without a showing that the officers either entered

areas of the premises not specified in the warrant, or required Plaintiffs to assist in the

seizure.  *Doc. 15* at 10-11.  Moreover, as to the seizure of the metal clips and back tags,

Defendants argue in their Response to the instant Motion that any claim arising from

that incident is time-barred.  *Doc. 26* at 5.

The proposed Second Amended Complaint explicitly alleges that the search

warrant for the January 21, 2015 raid was issued based on Defendants' invalid affidavits

and "was not otherwise supported by probable cause[.]" *Doc. 23-1* at 7. The proposed amendments do not otherwise remedy the alleged deficiencies outlined above.[3] Further, Individual Defendants argue in their Response to the Motion for Leave to File Second Amended Complaint that Plaintiffs' proposed amendments to their Fourteenth Amendment claims are futile, because Plaintiffs had a meaningful post-deprivation remedy under state law, and the Second Amended Complaint fails to assert that Plaintiffs have taken advantage of such remedy. *Doc. 26* at 9-10; *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As to the proposed Sixth Amendment claim, Defendants argue that it is subject to dismissal because Plaintiffs fail to allege that they were unable to cross-examine any witnesses against them in the criminal proceeding, or that statements were produced during that proceeding which they could not challenge. *Doc. 26* at 10-11. Insofar as Plaintiffs intended to assert a *Brady* violation in the First Amended Complaint by way of their Fifth Amendment claim, Defendants argue that granting leave to file such claim is futile because there is no predicate allegation of a criminal conviction to support it. *Id*. at 11.

Second, Plaintiffs' proposed Second Amended Complaint contains a "class-of-one" equal protection claim pursuant to the Fourteenth Amendment. *Doc. 23-1* at 19.

---

[3] Plaintiffs' proposed Second Amended Complaint does specifically allege that "Defendants and federal agent Rob Prater" seized business records, computers, and personal property, papers, and effects not particularly described in the warrant. *Doc. 23-1* at 7-8. However, the First Amended Complaint also alleged that Individual Defendants Allen and Davis "seized numerous documents that were not listed on the search warrant" during the raid. *Doc. 1-5* at 8. Thus, Individual Defendants incorrectly argued in their Motion to Dismiss that Plaintiffs had failed to allege that any of them had personally seized items outside the scope of the warrant.

No independent "class-of-one" equal protection claim was included in the First

Amended Complaint, although the operative Complaint does allege Defendants

violated Plaintiffs' rights to due process and equal protection by "changing the

requirements [of N.M.S.A. § 77-10-1], providing disinformation, adding requirements,

[and] requiring veterinarian services above and beyond those required of other sales

bar[n]s in operation[.]"  *Doc. 1-5* at 10.

Individual Defendants argue in their Response to the instant Motion that

Plaintiffs have failed to state a viable equal protection claim, because the proposed

Second Amended Complaint "do[es] not even identify the other dealers which were

treated more favorably let alone allege facts which would establish that the other

dealers were similarly situated in every material respect to Plaintiffs[,]" and, further,

that Defendants focused especially on regulating Plaintiffs' business due to "substantial

evidence of falsified documents and self-dealing[,]" such that Defendants had a

"legitimate regulatory purpose for their enforcement activities."  *Doc. 26* at 11-12.

Presumably, Defendants could readily reassert such arguments in a future motion to

dismiss the Second Amended Complaint.

Third, Plaintiffs bring a count of malicious prosecution against Defendants

pursuant to § 1983 in Count III of the proposed Second Amended Complaint.  *Doc. 23-1*

at 19-20.  This claim and its underlying factual allegations directly mirror NMTCA

claims already contained in the First Amended Complaint and reasserted in Count I of

the proposed Second Amended Complaint.  *See id.* at 12; *doc. 1-5* at 13-15.  Specifically, the federal malicious prosecution claim arises from the criminal charges brought against Plaintiffs following the January 2015 raid on High Plains operations.  *Doc. 23-1* at 8.  The grand jury indictment was subsequently quashed by the state court based on the prosecutor's refusal to allow Plaintiff Darcie Pareo—the criminal defendant in that case—to testify before the grand jury, in contravention of state law.  *Doc. 28-3* at 1-4. Plaintiffs allege that Defendants initiated these criminal proceedings in the absence of probable cause and for the improper purpose of interfering with Plaintiffs' business. *Doc. 23-1* at 19-20.  Further, Plaintiffs allege that Defendants destroyed exculpatory evidence and provided perjured testimony during the grand jury proceeding in order to obtain the indictment.  *Id.* at 20.

The elements of a malicious prosecution claim brought pursuant to § 1983 are: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages."  *Novitsky v. City Of Aurora*, 491 F.3d 1244, 1258 (10th Cir. 2007) (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1291-97 (10th Cir. 2004)).  Because the operative Complaint contains only a state-law NMTCA claim for malicious abuse of process, Individual Defendants did not address that particular

claim in their Motion to Dismiss Plaintiffs' federal claims.  *See doc. 1-5 at 13*.[4]  However, in their Response to the instant Motion, Defendants argue that it would be futile to allow Plaintiffs to add the malicious prosecution claim, because the Second Amended Complaint fails to allege any facts that could plausibly support the "lack of probable cause" element.  *Doc. 26 at 8*.  Thus, Defendants argue that Plaintiffs have not met the pleading requirements of Fed. R. Civ. P. 8 to state a claim for malicious prosecution.  *Id.*

Additionally, Defendants ask that the Court take judicial notice of a related proceeding in this Court, *United States of America v. High Plains Livestock LLC, et al.*, Civ. No. 15-cv-00680 MCA/JHR, which provides substantial evidence related to the criminal charges that were brought against Plaintiffs following the January 21, 2015 raid of High Plains.  *Id.* at 8-9.  Defendants aver that the facts in that case establish that probable cause existed to seek the search warrant that precipitated the raid, which in turn led to the criminal prosecution of Plaintiffs.  *Id.*  Once again, Defendants could easily reassert such argument in a future dispositive motion pertaining to the Second Amended Complaint.

---

[4] Plaintiffs relied on many of the same factual averments underlying their malicious abuse of process claim to partially support their due process claims in the First Amended Complaint.  *Doc. 1-5 at 16*.  Thus, Individual Defendants did partially address them in the Motion to Dismiss.  *Doc. 15 at 6-7*.  However, Defendants' argument on this point is brief: "Plaintiffs do not explain how these allegations [including that Defendants Davis and Allen 'misus[ed] the legal process'] implicate due process protections under the Fifth or Fourteenth Amendments.  The absence of factual allegations showing that Plaintiffs have a 'reasonable likelihood' of proving these claims subjects them to dismissal."  *Id.* (citation omitted).  Moreover, unlike a § 1983 due process claim, arising from the Fourteenth Amendment, a § 1983 malicious prosecution claim implicates both the Fourth and Fourteenth Amendments. *See Pierce*, 359 F.3d at 1285-86.  Therefore, the arguments in the Motion to Dismiss the federal claims in the First Amended Complaint do not fully address the malicious prosecution claim that Plaintiffs seek to bring in the Second Amended Complaint.

Finally, Plaintiffs seek to add a request for punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988(b). *Doc. 23-1* at 22. Such a request is appropriate in light of the fact that the Second Amended Complaint includes claims brought pursuant to § 1983, while the First Amended Complaint was filed in state court and only included claims brought pursuant to the NMTCA. *See doc. 1-5*. Defendants do not address or expressly oppose the addition of such prayer for relief in their Response in opposition to the instant Motion. *See generally doc. 26*.

## IV.   CONCLUSION

As noted above, the merits of Defendants' dispositive arguments are not before the undersigned. Consequently, the analysis of Plaintiff's Motion for Leave to File Second Amended Complaint has been limited to whether Defendants would be prejudiced by allowing the proposed amendments. The undersigned concludes that they would not. While the filing of the Second Amended Complaint will necessitate the refiling of dispositive motions by Defendants, the similarities with the First Amended Complaint will make the reassertion of the relevant arguments relatively straightforward.

It is therefore ORDERED that Plaintiffs' Motion for Leave to File Second

Amended Complaint is GRANTED.  Plaintiffs may file the proposed Second Amended

Complaint located at *doc. 23-1*.

_____
GREGORY B. WORMUTH
United States Magistrate Judge